ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17-CR-103-JED |
| BLAKE BRIAN FERGUSON, | ) ) ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The United States of America, by and through R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Kevin C. Leitch, Assistant United States Attorney, and the defendant, Blake Brian Ferguson, in person and through counsel, Allen M. Smallwood, respectfully inform the Court that they have reached the following plea agreement.

1. **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

**Counts 1 through 3: Bank Fraud, 18 U.S.C. § 1344**
**Count 4: Unlawful Monetary Transaction, 18 U.S.C. § 1957(a)**

as set forth in the Information in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

## 2. Waiver of Constitutional Rights

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a. the right to be indicted if proceeding by Information;

b. the right to plead not guilty;

c. the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d. at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e. the defendant has the right to assist in the selection of the jury;

f. during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g. the defendant has the right to confront and cross-examine witnesses against the defendant;

h. if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i. if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j. if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

k. at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed

Defendant's Initials

to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

3. **Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

   a.  The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum and any issues raised at sentencing;

   b.  The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

   c.  The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

_____
Blake Brian Ferguson

4. **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation,

Revised 06-03-15

Defendant's Initials

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

5. **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure. In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

    a. A plea of guilty which is later withdrawn or which the defendant seeks to withdraw;

    b. Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

    c. Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn.

6. **Waiver of Right to Jury Trial on Sentencing Factors**

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Information, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard

4

Defendant's Initials

to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

7.     **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

8.     **Restitution for Offense of Conviction**

The defendant understands that the Court can order the defendant to pay restitution for the full loss caused by defendant's conduct set forth in Paragraph 1. The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. At this time, the Government is aware that the following victims have suffered the following unrepaid losses, for a total amount of $144,160:

| | |
|---|---|
| Firstar Bank, N.A.<br>9696 E 101st St.<br>Tulsa, OK  74133 | $69,160 |
| James Thomas Jordan<br>4549 Boulder Way<br>Edmond, OK  73034 | $37,500 |

Defendant's Initials

Marie Sharisse Jordan                     $37,500
9258 Joan Drive
Midwest City, OK 73130

The defendant understands that restitution is mandatory without regard to the defendant's ability to pay. The parties recognize that the defendant will receive credit for any restitution amounts previously repaid to Firstar Bank, N.A., for the offenses of conviction.

9. **Restitution for Other Offenses**

The defendant agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in the counts to which the defendant is pleading guilty, and may include all losses attributable to relevant conduct, as that term is used in the United States Sentencing Guidelines, as well as any amounts that may be determined by the Court at sentencing, pursuant to 18 U.S.C. §§ 3663 and 3663A. The parties recognize that the defendant will receive credit for any restitution amounts previously paid to Firstar Bank, N.A.

10. **Restitution not Dischargeable in Bankruptcy**

The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

11. **Forfeiture Agreement**

The defendant agrees to the entry of a criminal forfeiture money judgment, pursuant to 18 U.S.C. § 982(a)(2)(A), in the amount of $144,160 representing proceeds obtained as a result of the bank fraud scheme.

6

Defendant's Initials

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. The defendant waives announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 12. Special Assessment

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

## 13. Factual Basis and Elements

As to Counts 1 through 3, the elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. § 1344 are as follows:

a. First, that defendant knowingly executed a scheme or artifice to defraud and obtain the money, funds, credits, assets, securities, or other property owned by, or under the custody or control of, Firstar Bank, N.A, by means of material false or fraudulent pretenses, representations or promises, as detailed in Counts 1 and 2 of the Information;

b. Second, that defendant did so with the intent to defraud Firstar Bank, N.A.; and

c. Third, that Firstar Bank, N.A. is a financial institution, the depository accounts of which were insured by the Federal Deposit Insurance Corporation.

7

Defendant's Initials

As to Count 4, the elements that the United States must prove beyond a reasonable doubt in order to convict under 18 U.S.C. § 1957(a) are as follows:

a. First, the defendant knowingly engaged in a monetary transaction in or affecting interstate commerce;

b. Second, the defendant knew the monetary transaction involved some form of criminally derived property;

c. Third, the property had a value greater than $10,000; and

d. Fourth, the monetary transaction involved property criminally derived from bank fraud.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, Blake Brian Ferguson, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts 1 through 4 in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

I, Blake Brian Ferguson, admit that I knowingly and willfully committed the acts set forth in Attachment A to this Plea Agreement.

_____      _11-6-17_____
Blake Brian Ferguson                                Date
Defendant

## 14. Further Prosecution

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Information, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

## 15. Dismissal of Remaining Counts

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter. In such event, the defendant hereby waives any objections, motions or defenses based upon

Defendant's Initials

the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

16. **Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

10

Defendant's Initials

17. **Sentence**

a. **Imprisonment**

As to Counts 1 through 3, the defendant acknowledges that under 18 U.S.C. § 1344, the maximum statutory sentence is 30 years of imprisonment and a fine of not more than $1,000,000 or twice the pecuniary gain or loss caused by the defendant's acts.

As to Count 4, the defendant acknowledges that under 18 U.S.C. § 1957(a), the maximum statutory sentence is 10 years of imprisonment and a fine of not more than $250,000 or twice the pecuniary value of the criminally derived property involved in the transaction.

b. **Supervised Release**

As to Counts 1 through 3, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed 5 years.

As to Count 4, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed 3 years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment

Revised 06-03-15

Defendant's Initials

imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

c. **Guidelines**

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory. The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a).

The sentence imposed in federal court is without parole. The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The

Defendant's Initials

defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court.

If the sentencing Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

18. **Stipulations**

The defendant and the United States agree and stipulate to the following facts:

    a. For purposes of U.S.S.G. § 2B1.1(b)(1)(H), the "loss" is more than $550,000 and less than $1,500,000.

13

Defendant's Initials

b. For purposes of U.S.S.G. § 3B1.3, the defendant abused a position of private trust.

It is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

19. **Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

20. **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option

of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that the defendant, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

21. **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

Defendant's Initials

Defendant's Initials

SO AGREED:

R. TRENT SHORES
UNITED STATES ATTORNEY

_____      11-6-17
Kevin C. Leitch                           Dated
Assistant United States Attorney

_____      11-6-17
Allen M. Smallwood                   Dated
Attorney for Defendant

_____      11-6-17
Blake Brian Ferguson                 Dated
Defendant

Revised 06-03-15

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____  11-6-17
Blake Brian Ferguson                Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____  11-6-17
Allen M. Smallwood                Dated
Counsel for the Defendant

Revised 06-03-15

18

Defendant's Initials