IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-103-JED |
| ) | |
| BLAKE BRIAN FERGUSON, ) | |
| ) | |
| Defendant. ) | |

**SENTENCING MEMORANDUM**

Allen M. Smallwood, counsel for the above-named defendant, Blake Brian Ferguson, presents this Sentencing Memorandum and requests a downward departure from the applicable sentencing guidelines to the United States Probation Office and this Court requesting a sentence consistent with the facts of the case and this defendant's history. In support of this Sentencing Memorandum counsel states:

1. On November 6, 2017, this defendant waived jury trial, non-jury trial, and pled guilty to Counts 1, 2, 3, and 4, as reflected in the information and Page 1 of the presentence investigation report. These are three (3) counts of bank fraud [18 U.S.C. § 1344(1)], and unlawful monetary transaction [18 U.S.C. § 1957(a)].

2. The defendant is free on bond and a sentencing is scheduled in this matter for Wednesday, April 24, 2019, at 10 a.m.

3. Counsel incorporates by reference any and all character letters that will be presented to the United States Probation Office on the defendant's behalf to be considered by this Court in determining its sentence.

4. Counsel requests this Court impose a sentence consistent with the provisions of 18 U.S.C. § 3553, any and all representations or recommendations made by the United States Government, the particular facts of this case, the defendant's personal history, and the unique circumstances presented with respect to his age, limitations as described herein, and family history.

5. The representations made in this Sentencing Memorandum are in no way intended as an attempt to not accept responsibility for his actions as described in his plea of guilty, but are presented by way of mitigation to enable this Court to fashion a sentence appropriate to the unique facts of this case and the defendant's history.

6. Since the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.2d 621 (2005); and, Gall v. United States, 128 S.Ct. 586 (2007), counsel submits this authorizes this Court great latitude in making the sentencing determinations in this case. Booker lifted the 18-year straight-jacket application of the sentencing guidelines finding they are merely advisory and Gall extended the sentencing discretion given to courts by Booker while requiring specific findings to justify both the statutory variance and/or downward departure from the now advisory sentencing guidelines. As this Court is well aware, Gall laid down a procedure to be undertaken by the district court. The court must correctly calculate the applicable guideline range, then consider all the factors of Section 3553(a), and if an outside guideline sentence is warranted, the court must consider the extent of the deviation and insure a compelling reason which would support the degree of variance. The court must then explain the chosen sentence to allow for a meaningful appellate review.

7. As described below, counsel submits this defendant deserves the full consideration of this Court's mitigating sentencing power in an effort to fashion a sentence

consistent with this defendant's responsibility for his conduct in this enterprise and the unique circumstances in which his personal history interacted with the other individuals which has brought him before this Court.

**Statutory Variance Consistent With
All the Historical Facts in This Case**

8. All agree that any sentence imposed for violation of federal criminal law must comport with 18 U.S.C. § 3553(a)(1) and (2). This statute reflects the nature, circumstances, and purpose of the criminal sentence.

9. 18 U.S.C. §§ 3553(a)(1) and (2), provides in pertinent part:

*§ 3553. Imposition of a sentence*

*(a) Factors to be considered in imposing a sentence.— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—*

*(1) the nature and circumstances of the offense and the history and characteristics of the defendant;*

*(2) the need for the sentence imposed—*

*(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*
*(B) to afford adequate deterrence to criminal conduct;*
*(C) to protect the public from further crimes of the defendant; and*
*(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;. . . .*

3

**Factors Of 18 U.S.C. § 3553(a)(1),
Which Should Be Taken Into Consideration By
<u>This Court In Fashioning An Appropriate Sentence</u>**

**<u>[T]he nature and circumstances of the offense
and the history and characteristics of the defendant</u>.**

10. While the defendant has criminal alcohol history, the circumstances of these offenses involve no minor or adult victims but were directed toward financial institutions where the defendant was employed. It is counsel's understanding and belief that any and all financial institutions who have a legal right to reimbursement (other than illegal bookies) have been reimbursed in full.

**<u>[T]he seriousness of the offense, to promote respect for
the law, and to provide just punishment for the offense</u>.**

11. Counsel believes that a sentence of probation with or without house arrest and/or closely monitored supervision, in light of full restitution to the financial institutions involved reflects the seriousness of the offense and promotes respect for the law and provides for adequate punishment.

**<u>[T]o afford adequate deterrence to criminal conduct &
[T]o protect the public from further crimes of the defendant</u>.**

12. It is counsel's understanding that this defendant will serve a lifetime segregation and disability from ever working in any banking or financial area which will not only deter him from criminal conduct but will protect the public from further crimes of the defendant.

**<u>[T]o provide the defendant with needed educational or
vocational training, medical care, or other correctional
treatment in the most effective manner</u>.**

13. This defendant is currently profitably employed and regularly engages in additional training with respect to his position as an executive in an automobile dealership which probation and/or house arrest would be effectively enhanced by probation/house arrest.

14. This defendant is a father to a six-year old daughter whose mother is leveraging the existence of this case in an effort to minimize this defendant's contact with his daughter and the defendant and the defendant's attorney both feel that lack of conduct is detrimental to this child's development, particularly at this age of her life.  Therefore, a sentence of probation/house arrest would enhance this defendant's ability to maintain his parental relationship with his daughter.

## Conclusion

15. Counsel requests this Court take all these factors into consideration when affecting an appropriate sentence.

        s/ Allen M. Smallwood
ALLEN M. SMALLWOOD   OBA #8308
Attorney for Defendant
  BLAKE BRIAN FERGUSON
1310 South Denver Avenue
Tulsa, Oklahoma 74119-3041
(918) 582-1993    (918) 582-1991 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2019, a true and correct copy of the above and foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to the following ECF registrants:

Catherine J. Depew
Assistant United States Attorney
catherine.depew@usdoj.gov

Kevin Chambers Leitch
Assistant United States Attorney
kevin.leitch@usdoj.gov

And By E-Mail To:
McClayn Gullekson
United States Probation Officer
McClayn_Gullekson@oknd.uscourts.gov

        s/ Allen M. Smallwood
ALLEN M. SMALLWOOD

6